**UNITED STATES of America**

v.

**Vincent ISABELLA.**

**Crim. No. 83–00389.**

United States District Court, E.D. Pennsylvania.

April 19, 1984.

Albert J. Wicks, Asst. U.S. Atty. in Charge Philadelphia Strike Force, Philadelphia, Pa., for United States.

Anthony DeFino, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

On February 14, 1984, a jury found defendant guilty of knowingly making a material false declaration while under oath before a federal grand jury in violation of 18 U.S.C. § 1623. The jury found that while testifying before a federal grand jury, Mr. Isabella falsely answered negatively the question "Do you know any members of the Pagan Motorcycle Club?" The jury further found that Mr. Isabella knew that his answer was false when he made it. The court determined that his answer was material.

Defendant filed a motion for a new trial or, in the alternative, for arrest of judgment in a timely fashion on February 21. However, defendant failed to attach a memorandum of law to his motion. The

Government responded to the motion on March 5. Defendant's counsel represented to the court that he wished to file a memorandum of law, which he filed in an untimely fashion on March 15. However, the court will treat defendant's memorandum as if timely filed.

Defendant's motion for new trial raises eight grounds for relief. Defendant only presses two of these grounds in his memorandum of law. Defendant first contends that the court erred in finding his statement "material" within the meaning of section 1623. Defendant next contends that the evidence did not support a jury's finding that he "knowingly" made a false declaration.

### (1) Materiality

In a federal perjury prosecution, the court and not the jury must decide whether the Government has proven the element of materiality. *United States v. Crocker*, 568 F.2d 1049, 1056 (3d Cir.1977); *United States v. Slawik*, 548 F.2d 75, 79 (3d Cir.1977). "It is well established that a perjurious statement is material ... if it has a tendency to influence, impede, or hamper the grand jury from pursuing its investigation." *United States v. Lardieri*, 497 F.2d 317, 319 (3d Cir.1974), *on rehearing*, 506 F.2d 310 (3d Cir.1974). I think it well to note at the outset that the Government need not convince the court that the false statement actually influenced, impeded, or hampered the grand jury. Instead, the statement need only have had a tendency to influence, impede or hamper the grand jury.

The indictment charged that Mr. Isabella falsely answered the question "Do you know any members of the Pagan Motorcycle Club?" Mr. Isabella denied knowing any Pagans. The evidence at trial tended to show that Mr. Isabella knew James DeGregorio,[1] and that Mr. Isabella knew that Mr. DeGregorio belonged to the Pagan Motorcycle Club.

Defendant contends that the evidence showed that defendant knew no more than James DeGregorio's *nom de guerre*, "Jimmy D," and that "Jimmy D" belonged to the Pagan Motorcycle Club. I disagree with that assessment of the evidence, but, even accepting defendant's view, defendant's false statement was material.

The grand jury was investigating a series of shootings and the involvement of several circles of individuals in those shootings. Among the groups under investigation was the Pagan Motorcycle Club. The evidence at trial tended to show that Mr. Isabella frequented the company of another circle of individuals including one of the shooting victims, Harry Riccobene. The Assistant United States Attorney asked Mr. Isabella whether he knew any members of the Pagan Motorcycle Club and Mr. Isabella stated that he did not. If Mr. Isabella had done no more than to state that he knew who James DeGregorio was and that he knew that James DeGregorio was a Pagan, Mr. Isabella would have furthered the investigation. He would have established a link, even if tenuous, between one circle of individuals and another.

The denial of that link had a tendency to influence, impede, and hamper the grand jury. There is a considerable difference between denying knowing any member of an organization and acknowledging knowing the name of a member. The former declaration tends to establish no connection between the witness and the group in question. The latter tends to establish a set of relationships which might have proved important to the grand jury. Therefore, even under defendant's theory of the facts, the Government proved beyond a reasonable doubt that Mr. Isabella's false statement was material.

Moreover, I disagree with Mr. Isabella's assessment of the facts. Mr. Isabella knew more about James DeGregorio than merely who he was. He knew where and when he had seen DeGregorio. He knew whom DeGregorio was with. These all would have tended further to establish a

---

**1.** The materials filed in this case have utilized two spellings: "DeGregorio" and "DiGregorio." I have adopted the former because it is the spelling utilized in the indictment.

set of relationships pertinent to the grand jury's investigation. For these additional reasons, when Mr. Isabella foreclosed this line of inquiry, he tended to influence, impede, and hamper the grand jury.

(2) *Knowledge*

 Mr. Isabella contends that the jury could not have found that he knowingly made a false statement. He contends that he did not have James DeGregorio in mind when he stated that he knew no members of the Pagan Motorcycle Club. Substantial evidence at trial supported the opposite conclusion reached by the jury. Most particularly, in the taped conversation of January 13, 1983, between Mr. Isabella and Mr. DeGregorio, which took place after Mr. Isabella's grand jury testimony, Mr. Isabella told Mr. DeGregorio that Mr. Isabella had denied knowing Mr. DeGregorio before the grand jury. The jury could have properly inferred from these admissions that, at the time of his testimony, Mr. Isabella knew precisely what he was saying and that he knew that what he was saying was false.

For the foregoing reasons, the attached Order denies defendant's motion for a new trial or, in the alternative, for arrest of judgment.